## U. S. CIRCUIT COURT.

FREDERICK A. DWIGHT and JAMES D. PLATT agt. EDWIN A. MERRITT, collector of the port of New York.

*Action at common law — Form of process — Regularity of summons for the commencement of action — Amendment of process.*

A summons or notice to the defendant for the commencement of a suit is certainly process quite as much as a *capias* or a subpœna to appear and answer is process, and must be issued by the court under its seal.

A summons signed by an attorney, but not under the seal of the court, is not such process as is intended by the statute.

The power to amend the process given by sections 948 and 954 of the United States Revised Statutes is power to amend a want of form in process, but does not apply to a summons in this form. There must first be a process to be amended; and a summons issued in this manner is no process.

*August,* 1880.

*Thomas I. Rush,* for plaintiffs.

*Stewart L. Woodford,* for defendant.

BLATCHFORD, *J.* — In this case an attempt has been made to commence a suit at common law in this court by serving on the defendant a paper purporting to be a summons in the form prescribed by the statute of New York for commencing a civil action. It is signed by the plaintiffs' attorney, but is not under the seal of the court. A summons or notice to the defendant for the commencement of a suit is certainly a process quite as much as a *capias* or a subpœna to appear and answer is process. The statute intends that all processes shall issue from the court where such process is to be held to be the action of the court, and that evidence that it issues from the court and is the action of the court shall be the seal of the court and the signature of the clerk. It is clear that a signature by the plaintiff's attorney without a seal, and an issuing from the office of such attorney, cannot be substituted. There

is nothing in the provisions of the Revised Statutes as to the conformity in practice and forms and modes of proceeding in civil causes, other than equity and admiralty causes in the courts of the United States, to the practice and forms and modes of proceeding in like causes in the state courts, which abrogates the provisions of section 911, Revised Statutes. The two must be so construed as to stand together. The defendant moves to set aside the summons because of the foregoing defects before appearing generally in the suit, and the plaintiffs ask to be allowed to amend the summons *nunc pro tunc* by having the seal and the signature added. It is alleged that the statute of limitations would be a bar to a new suit. Power to amend the process is said to be given by sections 948 and 954. That power is power to amend a want of form in process; but there must first be a process to be amended. There must be something to amend and to amend by. This paper is no process. The process which can be amended under the power conferred, is process issuing from this court. This paper never issued from the court. The motion of the defendant is granted, and the motion of the plaintiff is denied.